[Cite as *Rankin v. Pickaway Cty. Court of Common Pleas*, 2012-Ohio-2805.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

John Rankin,                                    :

        Relator,                        :

v.                                              :          Case No. 11CA19

Common Pleas Court                              :          MEMORANDUM DECISION
Pickaway County, Ohio,
                                                :          **RELEASED 05/30/2012**

        Respondent.

_____

APPEARANCES:

John Rankin, Williamsport, Ohio, pro se Relator.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Jeffrey A. Catri, Pickaway County Assistant Prosecuting Attorney, Circleville, Ohio, for Respondent.

_____

TYACK, J.

{¶ 1} John Rankin filed this action in prohibition, seeking a writ to bar the Pickaway County Court of Common Pleas "from executing the 'Order Vacating Sheriff's Sale and the Confirmation Entry of Sale, Finding of Contempt; Forfeiture of Deposit, and Forbidding Purchase from Bidding at Further Sales.' "  Rankin further requested that the writ "require the termination of all activities resulting from, or intended by, the execution of the order so prohibited."  In the alternative, Rankin has asked for a stay of the order until appellate case No. 2011CA0008 is resolved.

{¶ 2} After service of process, the prosecuting attorney for Pickaway County filed a motion to dismiss the complaint in prohibition.  In the alternative, the prosecuting attorney's office asked this court to remand the case on appeal to the common pleas

court of Pickaway County so the common pleas court can rule on a motion which requests the sheriff's sale of Rankin's property to Rankin be vacated.

{¶ 3} Rankin filed a memorandum in response to the motion.

{¶ 4} The evidentiary material provided by the parties, especially by John Rankin, indicates that Rankin owns or owned property with a mortgage to Fifth Third Mortgage Company ("Fifth Third"). When Rankin stopped making his mortgage payments, Fifth Third filed a foreclosure action. The common pleas court in Pickaway County granted judgment and scheduled the property for sheriff's sale. The sheriff's sale was conducted and Rankin was the successful bidder. He paid a deposit, but never provided the balance of the funds necessary for his purchase to be completed.

{¶ 5} Rankin also filed a motion requesting that the sheriff's sale be set aside due to irregularities in the proceedings which occurred up to the bidding at the sheriff's sale, especially the filing of a notice required by statute.

{¶ 6} Rankin, in addition, began the pursuit of a direct appeal asserting the same irregularities. That appeal is currently pending and has been argued recently.

{¶ 7} For a writ of prohibition to be issued, a court must be acting outside its legitimate jurisdiction. The common pleas court here had jurisdiction to entertain the motion for contempt filed after Rankin failed to fulfill his responsibilities as the successful bidder at the sheriff's sale. The trial court did in fact find Rankin to be in contempt of court and could do so. The trial court has the power to enforce its judgments through contempt actions so long as the judgment has not been stayed.

{¶ 8} If the trial court had not fashioned the extensive remedy it fashioned here, no issue of jurisdiction would exist. However, the trial court went far beyond finding

Rankin in contempt and proceeded to undo the very orders which were central to the pending appeal. The extent of the trial court judge's order presents the problem regarding jurisdiction. Had Rankin filed his action in prohibition before the "Order Vacating Sheriff's Sale and the Confirmation Entry of Sale, Finding of Contempt; Forfeiting of Deposit, and Forbidding Purchaser from Bidding at Further Sales" was journalized, the proceedings could have been blocked or at least appropriately narrowed. However, he filed his action in prohibition after the entry had been journalized. The trial court needed to take no further action and did not plan additional action with the confirmation orders already vacated. Stated more succinctly, the common pleas court of Pickaway County, having vacated the underlying confirmation of sheriff's sale, has no order to address.

{¶ 9}  As a result of the above, we deny the request for a writ of prohibition. The orders to be contested must be contested through the normal route of the pursuit of one or more direct appeals.

**Writ of prohibition denied.**

* Brown, P.J., and French, J.:  Concur in Judgment and Opinion.

FOR THE COURT

_____

G. Gary Tyack, Judge *

* Susan D. Brown, P.J., Judith L. French, J., and G. Gary Tyack, J., of the Tenth Appellate District, sitting by assignment in the Fourth Appellate District.